Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA 90025
Tel: 323-988-2400 x241
Fax: 866-583-3695
rlee@consumerlawcenter.com
Attorneys for Plaintiff,
DONNA BLAKE

**UNITED STATES DISTRICT COURT,
DISTRICT OF ARIZONA**

| | |
|---|---|
| DONNA BLAKE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REGENT ASSET MANAGEMENT SOLUTIONS, INC.,<br><br>　　　　Defendant. | Case No.: CV 09-00463-DCB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'MOTION TO ENFORCE COURT'S FEBRUARY 3, 2010 ORDER ENTERING JUDGMENT AGAINST DEFENDANT IN THE SUM OF $1,001.00 FOR ALLEGED DAMAGES AND $3,000.00 IN FEES AND COSTS**<br><br>Hon. David C. Bury |

## MEMORANDUM OF POINTS AND AUTHORITIES

NOW COMES the Plaintiff, by and through KROHN & MOSS, LTD., and moves this Honorable Court for entry of an order enforcing the February 3, 2010 Order Entering Judgment in this matter. In support thereof, Plaintiff states as follows:

1. On February 3, 2010, this Court Ordered entry of Judgment against Defendant awarding Plaintiff $1,001.00 in alleged damages and $3,000.00 in attorneys' fees and costs pursuant to Federal Rule of Civil Procedure Rule 68;

2. Following the Court's Order, Plaintiff's counsel sent email correspondence to Defendant's counsel in Arizona, Tim Medcoff regarding the status of satisfaction of the

1  Judgment. (see email correspondence attached hereto as Exhibit "A"). On February 25, Mr.
2  Medcoff responded that Plaintiff should contact Aimee Bataillon of the law firm of Spencer,
3  Fane, Britt & Browne LLP regarding payment of the judgment. Id. After sending multiple emails
4  to Ms. Bataillon, counsel for Plaintiff received and email stating "[m]y client is aware of the
5  judgment and the consequences for not voluntarily satisfying same. As I stated below, if your
6  client has a proposal for voluntary satisfaction, I will forward it to mine for consideration."
7  Further, counsel for Defendant stated "[r]egent is not in a position to voluntarily satisfy the
8  judgment absent a reduction of that judgment by the amount owed by your client." (see email
9  from Aimee Bataillon attached hereto as Exhibit "B"). Plaintiff's counsel followed up two more
10  time with counsel for Defendant in an attempt to resolve the issue without the need for seeking
11  the Court's assistance with no success. Id. Clearly, Defendant is intentionally disobeying the
12  Court Order.

13      3.   Plaintiff and Plaintiff's counsel still have not been paid the Judgment of $1,001.00
14  in alleged damages and $3,000.00 in attorneys' fees and costs.

15      4.   Plaintiff's attorneys have incurred additional fees attempting to secure payment
16  pursuant to this Court's Order. Plaintiff's counsel have incurred 1.5 hours filing motion work
17  with the Court and .7 hours attempting to meet and confer with defense counsel regarding
18  payment as ordered by the Court, for a total of 2.2 hours. Plaintiff's counsel's usual and
19  customary billing rate is Two Hundred and Ninety Dollars per hour ($290.00/hr.). Plaintiff
20  accordingly requests that the Court award Plaintiff an additional Six Hundred and Thirty Eight
21  dollars ($638.00) to be paid by the Defendant to Plaintiff for the fees incurred by Plaintiff in
22  enforcing the February 3, 2010 Order entering Judgment. Plaintiff additionally requests that the
23  Court award interest to Plaintiff to the maximum allowable extent under the law and for

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR SANCTIONS

sanctions as the Court deems appropriate for Defendant's failure to comply with the terms of settlement.

5.   The Court has the inherent power to award attorneys' fees when a party has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Serv. Co. v. Wilderness Society,* 421 U.S. 240, 258-259 (1975). The inherent powers of the Court to sanction and award attorneys' fees arises from the Court's equity jurisdiction. *Hall v. Cole*, 412 U.S. 1, 5 (1973). An award for attorneys' fees made under the Court's inherent powers may be made against an attorney, a party, or both. *Reichmann v. Neumann,* 553 F. Supp.2d 307, 319 (S.D.N.Y. 2008).

Additionally, The Ninth Circuit has held that *sua sponte* Rule 11 sanctions may be imposed in situations that are akin to a contempt of Court. *United Nat'l Ins. Co. v. R&D Latex Corp.* 242 F.3d 1102, 1116 (9th Cir. 2001) (quoting *Barbara v. Miller,* 146 F.3d 707, 711 (9th Cir. 2001). Here, Defendant and its counsel are in contempt of the Court's February 3, 2010 orders.

The Seventh Circuit has also acknowledged that this District Court has an inherent power that "is a residual authority, to be exercised sparingly, to punish misconduct (1) occurring in the litigation itself, not in the events giving rise to the litigation (for then the punishment would be a product of substantive law-designed, for example, to deter breaches of contract), and (2) not adequately dealt with by other rules." *Zapata Hermanos Sucesores, S.A. v. Hearthside Baking Company, Inc.,* 313 F.3d 385, 391 (7th Cir. 2002).

WHEREFORE, Plaintiff prays this Honorable Court enter an order requiring Defendant to immediately comply with the Court's February 3, 2010 Order and/or be held in contempt of court. Plaintiff further prays that this Court award Plaintiff $638.00 in additional attorneys' fees

1 | and for sanctions for as the Court deems appropriate for Defendant's failure to obey the Court's
2 | Order.
3 |           RESPECTFULLY SUBMITTED,
4 | DATED:  April 13, 2010     KROHN & MOSS, LTD.
5 |
6 |
7 |         By:/s/ Ryan Lee_____
8 |          Ryan Lee
         Attorney for Plaintiff